Elizabeth P. Hodes, ABA No. 0511108
DAVIS WRIGHT TREMAINE LLP
188 West Northern Lights Blvd., Suite 1100
Anchorage, AK 99503-3985
Phone: (907) 257-5300
elizabethhodes@dwt.com

*Attorneys for Plaintiff Providence Health & Services Washington d/b/a Providence Kodiak Island Medical Center*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PROVIDENCE HEALTH & SERVICES – WASHINGTON d/b/a PROVIDENCE KODIAK ISLAND MEDICAL CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>TEAMSTERS LOCAL 959 d/b/a ALASKA MEDICAL EMPLOYEES ASSOCIATION,<br><br>Defendant. | Case No. 3:20-cv-_____<br><br>COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF AND DAMAGES |

Plaintiff Providence Kodiak Island Medical Center ("PKIMC") files this complaint against defendant Alaska Medical Employees Association ("AMEA"), a labor organization affiliated with Teamsters Local 959. PKIMC seeks preliminary and permanent injunctive relief against AMEA requiring it to stop the threatened March 20 strike and engage in good faith negotiations with PKIMC and the Federal Mediation and Conciliation Service for a reasonable cooling off period as determined by this Court. PKIMC is seeking emergency relief on an expedited basis, and is requiring a decision on the motion for the preliminary injunction at the Court's earliest convenience because of

the circumstances arising from the COVID-19 pandemic and National Emergency as described below.

In support of this complaint, PKIMC states, avers, and alleges as follows:

**Parties, Jurisdiction and Venue**

1. PKIMC is a non-profit organization under the laws of the State of Alaska, and is capable of filing suit and being sued.

2. Defendant Alaska Medical Employees Association ("AMEA") is a labor organization, affiliated with Teamsters Local 959, with its principle place of business in Anchorage, Alaska.

3. This Court has subject matter jurisdiction over this dispute.

4. This Court has personal jurisdiction over the parties.

5. Venue is proper in this Court.

**Introduction**

6. AMEA is endangering the public health and safety of the Kodiak Island community and the United States by refusing to withdraw a defective 8(g) notice of a mass and indefinite strike to begin on March 20, 2020, for a reasonable period of time until the COVID-19 crisis abates. The strike creates heightened risk of virus transmission due to the transportation of replacement workers and jeopardizes the continuity of patient care due to COVID-19 impact on the number of replacement workers able to report for training and orientation this week. Given Kodiak Island's remote location, there is no

COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF AND DAMAGES
*Providence Health & Services Washington v. Teamsters Local 959,* Case No. 3:20-cv-_____
Page 2 of 14

Case 3:20-cv-00067-SLG   Document 1   Filed 03/17/20   Page 2 of 14

**Davis Wright Tremaine LLP**
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 · Fax: (907) 257-5399

other alternative for patients receiving many of the services it provides. As the strike is called on behalf of the approximately 200 AMEA represented members, the strike gathering is itself inconsistent with CDC guidelines for public events. Even this afternoon the White House has tightened regulations to advise that people avoid groups of more than ten participants.

7. AMEA represents a wall-to-wall bargaining unit of hospital employees. The represented employees include all Registered Nurses, Nursing Assistants, EKG Technicians, Pulmonary Technicians, Pharmacists, Pharmacy Technicians, Surgical Technicians, Sterile Processing Technicians, Patient Sitters, Unit Secretaries and Lab Assistants, as well as many other job classifications.

8. On March 10, 2020, AMEA attempted to serve its legally required ten-day notice (8(g) Notice) that it intends to strike PKIMC for an indefinite period of time beginning March 20, 2020.

9. Should the strike occur during this time of National Emergency and worldwide COVID-19 pandemic, PKIMC's ability to provide health care to the community will be severely compromised. Ordinarily, PKIMC would retain replacement workers to provide continuity of care for the Kodiak Island community. These replacement workers are located throughout the United States and would typically fly to Kodiak Island to begin their orientation and transition this week. PKIMC learned over the weekend that due to COVID-19 travel restrictions and concerns about potential

COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF AND DAMAGES
*Providence Health & Services Washington v. Teamsters Local 959,* Case No. 3:20-cv-_____
Page 3 of 14

**Davis Wright Tremaine LLP**
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 ∙ Fax: (907) 257-5399

1 COVID-19 transmission, more than 20% of the anticipated replacement workers will be unable to report for work prior to the strike.

10. There is no other hospital in Kodiak Island to provide needed health care. While some critical patients could be transported by helicopter to Anchorage for emergency medical care, this opportunity would be limited to very small numbers of the very ill and is weather dependent.

11. Kodiak Island citizens face immediate, irreparable injury as a result of AMEA's conduct.

12. PKIMC is likely to prevail on the merits of its claims against AMEA. Further, the balance of the equities tips squarely in PKIMC's favor.

13. An injunction as requested here would not harm AMEA or its members.

14. An injunction must issue to safeguard the health and safety of the Kodiak Island community.

## Facts and Background

15. PKIMC is petitioning President Trump to use his executive power under the Taft-Hartley Act to enjoin the strike and order an eighty day cooling off period. The statutory process requires that a federally appointed Board of Inquiry prepare a report to assess the status of negotiations prior to the Presidential action. PKIMC is seeking an expedited process, but some time will be needed for the Board of Inquiry to complete its

COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF AND DAMAGES
*Providence Health & Services Washington v. Teamsters Local 959,* Case No. 3:20-cv-_____
Page 4 of 14

Case 3:20-cv-00067-SLG   Document 1   Filed 03/17/20   Page 4 of 14

**Davis Wright Tremaine LLP**
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 · Fax: (907) 257-5399

Davis Wright Tremaine LLP
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 ・ Fax: (907) 257-5399

work.  A temporary restraining order is needed to protect the public and maintain the status quo until the President has time to act.

16. The March 13 declaration of a National Emergency affords this Court the authority to stop the strike activity that would jeopardize not only the Kodiak Island community but also the remaining replacement workers who must encounter travel-related risks to get there.  If those replacement workers are asymptomatic carriers of COVID-19, the virus would be introduced to a community that at this time has announced no positive COVID-19 cases.  There could also be potential spread to other travelers, airline staff, airport staff and numerous members of the public.  A TRO is urgently needed to protect the public's health and welfare.

17. The union's required 8(g) Notice was unlawful in that if failed to include a start time for the strike and failed to provide the full ten days of notice required by the National Labor Relations Act.  PKIMC has notified the National Labor Relations Board of the defective notice and is seeking, among other remedies, a cease and desist order.  Unfortunately, it is not possible for the NLRB to act quickly enough to prevent the strike.  It is therefore imperative that this Court issue a temporary restraining order and a preliminary injunction prohibiting any strike activity until the NLRB is able to issue a cease and desist order.

18. Accordingly, PKIMC seeks a Temporary Restraining Order, and thereafter a Preliminary Injunction, enjoining AMEA from engaging in unlawful mass picketing

COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF AND DAMAGES
*Providence Health & Services Washington v. Teamsters Local 959,* Case No. 3:20-cv-_____
Page 5 of 14

that threatens the public safety. PKIMC also requests that the TRO require the parties to return to bargaining with their assigned FMCS mediator until an agreement is reached or impasse declared.

19. Providence Kodiak Island Medical Center provides comprehensive health care to residents and visitors of Kodiak Island including emergency care, surgery, laboratory services, maternity care, general medicine, physical, occupational and respiratory therapy, sleep studies, specialty clinics, diagnostic imaging services and pharmacy. PKIMC is a critical access hospital licensed for twenty-five acute care beds, including four birthing suites, two psychiatric care beds and two intensive care beds. In addition, Providence Chiniak Bay Elder House is an extended care facility with twenty-two long-term care beds for vulnerable patients who are too ill to return to their homes.

20. PKIMC is the only critical access hospital on the Island that provides inpatient, emergency care and surgery. It is also the only facility that provides MRI, CT scan, respiratory therapy, full service laboratory services and besides the schools, it is the only facility that provides pediatric therapies and outpatient speech therapy. Importantly, Kodiak Island is home to the largest Coast Guard base and Navy Seals training base – PKIMC provides all emergent and inpatient care to military personnel.

21. Alaska Medical Employees Association is a Teamsters-affiliated union that represents a wall-to-wall unit of approximately two hundred hourly staff members including all Registered Nurses, Pharmacists, Nursing Assistants, Surgical Technologies,

COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF AND DAMAGES
*Providence Health & Services Washington v. Teamsters Local 959,* Case No. 3:20-cv-_____
Page 6 of 14

Case 3:20-cv-00067-SLG   Document 1   Filed 03/17/20   Page 6 of 14

and Pulmonary Technologists. AMEA has represented these employees since Providence began leasing and operating the Medical Center from Kodiak Island Borough in 1997.

22. The most recent collective bargaining agreement between AMEA and PKIMC expired on October 31, 2019. Negotiations for a successor agreement began on January 7, 2019, and continue through the present date. The Federal Mediation and Conciliation Service ("FMCS") has been assisting with these negotiations since April 16, 2019.

23. The parties were scheduled to meet on March 11 for another day of contract negotiations. On March 9, PKIMC let the union know that it would need to postpone the scheduled sessions due to traveling concerns and the need to focus resources on the coronavirus outbreak. The next day, March 10, AMEA served a 10-day notice for a mass strike of indefinite duration scheduled to begin at an unannounced time on March 20. After issuing the strike notice, AMEA announced its intention to have represented employees vote on the then most recent PKIMC proposal on Monday, March 16.

24. The strike notice failed to include the start time for the strike, rendering the notice defective under Section 8(g) of the National Labor Relations Act. While the remedies for a defective 8(g) notice include a cease and desist order from the NLRB, until such an order issues the unlawful strike may commence on March 20. PKIMC must assume that – unless enjoined – the strike will occur as noted.

COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF AND DAMAGES
*Providence Health & Services Washington v. Teamsters Local 959,* Case No. 3:20-cv-_____
Page 7 of 14

25. Upon receipt of the 8(g) notice, PKIMC immediately alerted the company with which it had contracted for replacement workers in the event of the strike. Preparations for replacements have commenced. However, on Saturday, March 14, in a 3 p.m. call, PKIMC was advised that the replacement agency could not meet its full contractual commitment for replacement workers due to the COVID-19 pandemic. One replacement staff had tested positive for COVID-19, others had been potentially exposed but were currently asymptomatic, and others had family or health-related concerns that prevented travel. On Sunday, March 15, PKIMC confirmed that 20% of the requested caregivers could not be provided. As a result, PKIMC reasonably anticipates that it will lack sufficient staff to continue currently offered patient care services for the duration of the COVID-19 pandemic.

26. On Friday, March 13, the President of the United States proclaimed a National Emergency concerning the novel coronavirus disease (COVID-19) outbreak. The National Emergency was proclaimed in part because:

> The spread of COVID-19 within our Nation's communities threatens to strain our Nation's healthcare systems. As of March 12, 2020, 1,645 people from 47 States have been infected with the virus that causes COVID-19. **It is incumbent on hospitals and medical facilities throughout the country to assess their preparedness posture and be prepared to surge capacity and capability.** Additional measures,

COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF AND DAMAGES
*Providence Health & Services Washington v. Teamsters Local 959,* Case No. 3:20-cv-_____
Page 8 of 14

however, are needed to successfully contain and combat the virus in the United States.

27. The threatened strike directly impedes PKIMC from caring for the patients it has and its ability to surge capacity and capability for those expected to need care in the coming days.

28. AMEA's threatened strike of indefinite duration not only jeopardizes the continuity, capacity and capability of health care delivery in an isolated community during a world-wide pandemic and National Emergency, it drains needed healthcare resources from other geographic areas. Replacement workers are being recruited nationwide. These replacement workers must travel, creating additional risks for themselves and all those with whom they come into contact, including the residents of Kodiak Island.

## CLAIM FOR RELIEF

### Preliminary and Permanent Injunction

29. The preceding paragraphs and allegations are incorporated and re-alleged as if fully set forth below.

30. Irreparable harm is a given where the alternative to the requested injunctive relief is a strike that will, without question, increase the risk of spreading COVID-19. PKIMC will be unable to secure sufficient replacement workers to fully staff the hospital and its long term care facility during the threatened strike of an indefinite duration.

COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF AND DAMAGES
*Providence Health & Services Washington v. Teamsters Local 959,* Case No. 3:20-cv-_____
Page 9 of 14

Case 3:20-cv-00067-SLG   Document 1   Filed 03/17/20   Page 9 of 14

PKIMC's patients will be placed at risk either due to staffing levels, or, more likely, the closure of necessary services for an indefinite period of time. PKIMC will be unable to meet the President's mandate for hospitals to immediately increase capacity and capability to handle the expected influx of COVID-19 patients. Because the strike is indefinite, and the full impact of the virus is not yet known, it is impossible to fully estimate the irreparable harm that will arise if the strike is not enjoined. But there can be no doubt that irreparable harm will occur.

31. AMEA is adequately protected if an injunction is issued. PKIMC seeks to enjoin the strike to allow a cooling off period for FMCS to assist the parties in reaching a complete agreement on all open issues while the COVID-19 pandemic continues. Should agreement not be reached, after the COVID-19 crisis has passed, AMEA may issue a new lawful 8(g) notice.

32. AMEA is also protected by PKIMC's intention to invoke the emergency provisions of the Taft Hartley Act. The President of the United States is empowered by the national emergency provisions of the Taft Hartley Act, 29 U.S.C. §§176-178, to seek a cooling off period if a threatened work stoppage "affecting an entire industry or a substantial part thereof" will "imperil the national health or safety." In order to obtain the cooling off period, the President must appoint a board of inquiry, which, after conducting an investigation, will issue a written statement of facts. 29 U.S.C. § 176. Based on that report, the President may then direct the Attorney General to seek an injunction in federal

COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF AND DAMAGES
*Providence Health & Services Washington v. Teamsters Local 959,* Case No. 3:20-cv-_____
Page 10 of 14

Case 3:20-cv-00067-SLG   Document 1   Filed 03/17/20   Page 10 of 14

court against the work stoppage. If the court finds that the work stoppage meets the Taft Hartley requirements, it "shall" enjoin the concerted activity to allow an 80 day cooling off period during which negotiations continue with the assistance of the Federal Mediation and Conciliation Service. 29 U.S.C. §178. PKIMC is requesting Presidential action. The injunctive relief sought here will preserve the status quo pending the Presidential decision. The processes associated with the Presidential decision will provide AMEA a full and additional opportunity to present its position on why a strike should be permitted to proceed in the midst of the COVID-19 National Emergency.

33. PKIMC has raised serious and substantial questions going to the merits of the case. PKIMC also seeks injunctive relief based on the Court's inherent power to address "public health" concerns in the healthcare/strike context. The lives and health of nursing home residents and other patients are threatened by AMEA's threatened strike.

34. Governor Dunleavy announced an emergency declaration on Wednesday March 11, 2020. On March 12, the Governor, with the Alaska Department of Health and Social Services (DHSS), announced Alaska's first presumptive positive case of coronavirus disease 2019 (COVID-19). This case was confirmed on March 13. http://dhss.alaska.gov/dph/Epi/id/Pages/COVID-19/monitoring.aspx. Alaska has also recognized the heightened risk to the elderly and taken action. Under the authority of Governor Dunleavy's emergency order, the Alaska Department of Health and Social Services (DHSS) has issued a policy limiting exposure to COVID-19 at long-term care

COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF AND DAMAGES
*Providence Health & Services Washington v. Teamsters Local 959,* Case No. 3:20-cv-_____
Page 11 of 14

Case 3:20-cv-00067-SLG   Document 1   Filed 03/17/20   Page 11 of 14

Davis Wright Tremaine LLP
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 ･ Fax: (907) 257-5399

facilities. DHSS is taking this action to protect Alaskans who are at greatest risk for the most severe outcomes of this disease.

> Our elders in nursing homes are particularly vulnerable to this disease and our actions are intended to protect vulnerable adults." said Dr. Anne Zink, Alaska's Chief Medical Officer. "Our desire is to establish a close partnership with long-term care facilities and we're asking families, friends and others who work in and visit these facilities to help us protect the health and safety of our parents, grandparents and other loved ones.

https://content.govdelivery.com/accounts/AKDHSS/bulletins/2811400

35. The risk to PKIMC's long term care patients is particularly significant given the change in caregivers necessitated if current staff strike for an undefined period.

36. The requested injunctive relief should also be granted due to the defective 8(g) notice served by AMEA. The National Labor Relations Board has the authority to issue a cease and desist order. PKIMC's request for a TRO pending the NLRB's decision on the defective notice simply preserves the status quo.

37. PKIMC is entitled to a preliminary and permanent injunction based on its likelihood of success on the merits and the substantial questions it has raised regarding AMEA's threatened healthcare worker strike during the midst of a world-wide pandemic.

38. This Court should enter a preliminary and permanent injunction on an expedited basis prohibiting AMEA for striking on March 20 and requiring AMEA and

COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF AND DAMAGES
*Providence Health & Services Washington v. Teamsters Local 959,* Case No. 3:20-cv-_____
Page 12 of 14

**Davis Wright Tremaine LLP**
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska 99503-3985
(907) 257-5300 · Fax: (907) 257-5399

PKIMC to return to negotiations with FMCS to attempt to resolve disputed issues. This injunction should remain in effect until either the Attorney General has obtained injunctive relief under the Taft Hartley Act or the Board has issued a cease and desist order and the COVID-19 pandemic has run its course such that the respective governmental emergency orders and CDC recommendations related to COVID-19 are no longer in place.

**PRAYER FOR RELIEF**

WHEREFORE, PKIMC respectfully requests:

A. That this Court should enter a preliminary and permanent injunction on an expedited basis prohibiting AMEA for striking on March 20 and requiring AMEA and PKIMC to return to negotiations with FMCS to attempt to resolve disputed issues. This injunction should remain in effect until either the Attorney General has obtained injunctive relief under the Taft Hartley Act or the Board has issued a cease and desist order and the COVID-19 pandemic has run its course such that the respective governmental emergency orders and CDC recommendations related to COVID-19 are no longer in place.

B. That this Court should award damages associated with service of the defective notice and AMEA's unreasonable refusal to voluntarily withdraw the defective strike notice.

COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF AND DAMAGES
*Providence Health & Services Washington v. Teamsters Local 959,* Case No. 3:20-cv-_____
Page 13 of 14

Case 3:20-cv-00067-SLG   Document 1   Filed 03/17/20   Page 13 of 14

Davis Wright Tremaine LLP
LAW OFFICES
188 West Northern Lights Blvd., Ste. 1100
Anchorage, Alaska  99503-3985
(907) 257-5300 · Fax: (907) 257-5399

C. That this Court show award PKIMC its attorneys' fees and costs incurred in filing suit.

D. That this Court grant such other and further relief that it deems appropriate under the alleged circumstances.

DATED this 16th day of March, 2020.

    Davis Wright Tremaine LLP
Attorneys for *Plaintiff Providence Health & Services Washington d/b/a Providence Kodiak Island Medical Center*

By / Elizabeth P. Hodes
    Elizabeth P. Hodes, ABA No. 0511108

COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF AND DAMAGES
*Providence Health & Services Washington v. Teamsters Local 959,* Case No. 3:20-cv-_____
Page 14 of 14

Case 3:20-cv-00067-SLG   Document 1   Filed 03/17/20   Page 14 of 14